UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK J. SMITH,

       Plaintiff,                            Civil No. 4:07-10243
                                           HONORABLE PAUL V. GADOLA
v.                                     UNITED STATES DISTRICT JUDGE

KIM WORTHY, et. al.,

       Defendants,

_____/

## OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

      Before the Court is Plaintiff Frederick J. Smith's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner who is currently confined at the Kincheloe Correctional Facility in Kinross, Michigan. For the reasons stated below, this Court construes plaintiff's action as a second or successive petition for habeas relief and will transfer the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

### I. Background

      On March 9, 1984, petitioner was convicted in the Wayne County Circuit Court of first-degree criminal sexual conduct, armed robbery, and felony-firearm and was sentenced to prison. Petitioner's conviction was affirmed on appeal. *People v. Smith,* 149 Mich. App. 189; 385 N.W. 2d 654 (1986); *lv. den.* No. 78173 (Mich.Sup.Ct. June 30, 1986). Petitioner then filed several post-conviction challenges in the state courts, all of which were also denied.

      On November 29, 2001, petitioner filed an application for a writ of habeas corpus, in which

1

he challenged his 1984 convictions for first-degree criminal sexual conduct, armed robbery, and felony-firearm.  The petition was dismissed on the ground it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *Smith v. Jones,* U.S.D.C. 01-CV-74504-DT (E.D. Mich. Nov. 26, 2002)(Roberts, J.)

On August 30, 2005, petitioner filed a petition for DNA testing in the Wayne County Circuit Court, pursuant to M.C.L. 770.16.  The trial court denied the petition.  *People v. Smith,* No. 83006566-01 (Detroit Recorder's Court, Oct. 18, 2005).

Plaintiff's has now filed the instant civil rights complaint against Kim Worthy, the Wayne County Prosecutor, and Judge Prentis Edwards, a Wayne County Circuit Court judge, in which he asks this Court to direct the defendants to conduct DNA testing in this case in order to establish plaintiff's innocence of the crimes for which he was convicted.

## II. Discussion

Plaintiff's civil rights suit is subject to dismissal because, contrary to Plaintiff's assertion, in this civil rights action Plaintiff is essentially seeking to have his convictions vacated or set aside. Plaintiff's action does not state a cognizable claim under § 1983 because his request for DNA testing challenges the validity of his criminal conviction for which Plaintiff's exclusive remedy would be a writ of habeas corpus. *See Boyle v. Mayer,* 46 Fed. Appx. 340, 341 (6th Cir.2002).  *See generally Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (finding that Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus).  Two other circuit courts have reached the same conclusion as the Sixth Circuit. *See Kutzner v. Montgomery County,* 303 F. 3d 339, 341 (5th Cir.

2

2002); *Harvey v. Horan,* 278 F. 3d 370, 378 (4th Cir. 2002). Although three other circuits have reached the opposite result, holding that a state prisoner's claim seeking post-conviction access to physical evidence from his criminal trial for the purpose of DNA testing was cognizable under § 1983, *see Savory v. Lyons*, 469 F. 3d 667, 672 (7th Cir. 2006); *Osborne v. District Attorney's Office for the Third Judicial District*, 423 F. 3d 1050, 1054 (9th Cir. 2005); *Bradley v. Pryor,* 305 F. 3d 1287, 1290-91 (11th Cir. 2002), a district court is not bound by the decisions of the court of appeals for another circuit, *see Ghandi v. Police Department of Detroit*, 74 F.R.D. 115, 122 (E.D. Mich. 1977), but instead "is bound by the decisions of the circuit court of appeals in which it sits." *See Cochran v. Trans-General Life Ins. Co.,* 60 F. Supp. 2d 693, 698 (E.D. Mich. 1999). Accordingly, the Court finds that it is bound by the Sixth Circuit's ruling in *Boyle,* irrespective of *Savory*, 469 F.3d 667; *Osborne*, 423 F.3d 1050; and *Bradley,* 305 F.3d 1287, and concludes that Plaintiff's attempt to compel the state authorities to conduct DNA testing must be construed as a petition for writ of habeas corpus because it challenges the validity of plaintiff's conviction.

Furthermore, a habeas petitioner's motion or filing should be construed as a second or successive habeas petition where "[t]he motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence." *In Re Abdur'Rahman,* 392 F.3d 174, 181 (6th Cir. 2004) (citing *Rodwell v. Pepe,* 324 F.3d 66, 70 (1st Cir. 2003)). In this case, regardless of how plaintiff characterizes his action, he is clearly attempting to challenge the constitutionality of his convictions and therefore the motion must be construed as a second or successive habeas petition.

Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes

to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

Numerous cases have held that where a state prisoner's motion or filing is the functional equivalent of a second or successive habeas petition, he or she must obtain permission from the court of appeals before bringing such an action in the district court. *See e.g. Long v. Commonwealth of Kentucky,* 80 Fed. Appx. 410, 414 (6th Cir. 2003)(The provisions of 28 U.S.C. § 2244(b) apply equally to habeas petitions filed by a state prisoner under 28 U.S.C. § 2241, the general habeas statute); *Byrd v. Bagley,* 37 Fed. Appx. 94, 95 (6th Cir. 2002)(same); *Brennan v. Wall,* 100 Fed. Appx. 4, 5 (1st Cir. 2004)(state prisoner's second habeas petition would be properly denied, notwithstanding prisoner's attempt to classify action as falling under All Writs Act, since petition was successive attempt to obtain relief from state judgment); *Kutzner,* 303 F. 3d at 341 (civil rights action filed by state prisoner, seeking to compel state officials to produce biological evidence for DNA testing on theory that, by refusing to release such evidence, officials violated his constitutional rights by preventing him from gaining access to exculpatory evidence excluding him as perpetrator, was, in effect, a challenge to validity of his capital murder conviction, and was properly denied as a successive habeas petition). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).  In those instances when the Sixth Circuit Court of Appeals has not given its approval for the filing of a second or successive petition, a district court must transfer the petition to the Court of Appeals no matter how meritorious the district court believes the claim to be.  *Id.* at

971.  *See also In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  This requirement transfers to the court of appeals a screening function which the district court previously would have performed.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, Petitioner has previously filed a habeas petition with the federal courts, which was dismissed on the ground that it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d(1).  The dismissal of a state prisoner's § 2254 petition for failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits that renders any future petitions filed under § 2254 which challenge the same conviction a "second or successive" petition for the purpose of § 2244(b). *See Murray v. Greiner,* 394 F. 3d 78, 81 (2d Cir. 2005); *Reyes v. Vaughn,* 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003).  Judge Robert's dismissal of Petitioner's prior habeas application on the ground that it was barred by the statute of limitations was therefore an adjudication on the merits of Petitioner's prior habeas application, for the purpose of § 2244(b).

In this case, the primary factual predicate underlying Plaintiff's present complaint involves a challenge to the constitutionality of his convictions.  Although Plaintiff has disguised his action as a civil rights complaint, the complaint should be construed as a habeas petition.  Because Petitioner has previously filed a petition for a writ of habeas corpus, this petition is a second or successive habeas petition. Although Petitioner would not have been required to obtain a certificate of authorization following the dismissal of his previous petition if that one had been dismissed without prejudice on exhaustion grounds, *see Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), because it was not, Petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus for which he is required to obtain a certificate of authorization.  Therefore,

5

it would be improper for this Court to dismiss the petition as being time barred rather than transfer it to the Sixth Circuit; to consider the petition in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gatekeeping provisions. *Corrao v. United States*, 152 F. 3d 188, 190-91 (2d Cir. 1998); *See also Gonzalez v. United States,* 135 F. Supp. 2d 112, 121 (D. Mass. 2001).

## III.  CONCLUSION

Plaintiff's motion is the equivalent of a second or successive habeas corpus petition but he has not obtained the requisite appellate authorization to file the petition as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly, the Court **ORDERS** the Clerk of the Court to **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**SO ORDERED.**

Dated:   January 29, 2007                           s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  January 29, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Frederick Smith_____.


                                                    s/Ruth A. Brissaud
                                                    Ruth A. Brissaud, Case Manager
                                                    (810) 341-7845

---